PORTIA HORWITZ v. AMERICAN SURETY COMPANY OF NEW YORK ET AL.

Submitted July 7, 1913—Decided December 26, 1913.

If there be a plain repugnancy between the provisions of an original contract and those of a supplemental one between the same parties and relating to the same subject-matter, the earlier contract must yield to the later so far as the repugnancy extends.

On demurrer to pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the plaintiff, *Louis H. Miller.*

For the defendants, *Walter H. Bacon.*

The opinion of the court was delivered by

PARKER, J. The suit is on a surety bond for the faithful performance of a contract for the erection of a dwelling-house. There were several conditions precedent to recovery contained in the bond, the first of which was that in case of default by

the principal, a written notice of a specified character should be sent to defendant within a limited time, and that defendant surety "shall have the right within thirty (30) days after the receipt of such statement to · proceed, or procure others to proceed, with the performance of such contract, shall be subrogated to all of the rights of the principal, and any and all moneys or property that may at the time of such default be due, or that thereafter may become due to the principal under said contract, shall be credited upon the claim which the obligee may then or thereafter have against the surety, and the surplus, if any, applied as the surety may direct." The second condition required any suit on the bond to be begun on or before June 1st, 1911. By subsequent agreement dated May 10th, 1911, the bond was modified by stipulations reciting the satisfactory character of the work to date, extending the time for completion to and including August 1st, 1911; and amending the limitation of suit to provide that no suit should be brought after September 1st, 1911.

The summons was returnable, judging from the printed declaration, on September 7th, 1911; it does not appear when it was tested or served; but the contract limitation is not pleaded. The pleas now demurred to, viz., the fourth, seventh and eighth, all set up substantially the same defence, viz., that plaintiff did not wait before beginning suit for the stipulated period of thirty days to enable the defendant to decide whether to complete the work itself. The point urged in support of the demurrer is that if this stipulation of thirty days' notice be enforced, the plaintiff under the amended contract of suretyship will be out of court because her suit must wait until after the period of limitation prescribed by the contract has run. That a repugnancy exists is clear. The contractor's time to complete was extended by the supplemental agreement up to and including August 1st; so the earliest day on which a notice of default in completion could be served was August 2d. If the thirty days' clause holds, the surety had thirty days after this, or until and including September 1st, to elect whether to proceed or procure others to proceed

with the completion of the work; and if it so elected, was necessarily entitled to a reasonable time thereafter in which to finish it. If it elected not to do so but to stand suit, then it may be in a position to plead that the contract period of limitation had run out.

It seems impossible to reconcile these conflicting clauses of the contract, and therefore one or the other must give way. Plaintiff's theory is that the clause as to thirty days' delay should be disregarded. The usual rule, as stated by the Court of Errors and Appeals in *Vickers* v. *Electrozone Company*, 38 *Vroom* 665, 675, is that in deeds and other instruments *inter vivos* the earlier clause prevails. Another rule is to ascertain if possible the manifest intention of the parties and disregard what is repugnant to such intention. *Story Cont.*, § 660; 9 *Cyc.* 583. If these repugnant provisions had been contained in the original contract of suretyship, the limitation would probably have had to fall under either of the above rules. But this point need not be and is not decided, because of the change made by the supplemental agreement. By that the parties expressed their final intent, and to that expression anything repugnant thereto in the original contract must yield. What they finally agreed on as controlling was that the time of completion was extended to August 1st, and suit must be brought not later than September 1st. This, as we have seen, makes it impossible to comply with the clause of thirty days' notice; and that clause must be therefore regarded as superseded and abrogated, and the failure of plaintiff to comply with it is not a valid defence.

The pleas demurred to will be overruled.